IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

RUBEN MUNIZ-RUBERTE,  \*
　　　　　　　　　　　　\*
　　　Petitioner　　　　\*
　　　　　　　　　　　　\*
　　　　　v.　　　　　　\*　　CIVIL NO. 09-1235 (JP)
　　　　　　　　　　　　\*
MIGUEL PEREIRA-CASTILLO, et al.,  \*
　　　　　　　　　　　　\*
　　　Respondents　　　\*
　　　　　　　　　　　　\*

**OPINION AND ORDER**

The Court has before it Respondents Miguel Pereira-Castillo, Antonio Sagardia, and Commonwealth of Puerto Rico's motion to dismiss Ruben Muniz-Ruberte's ("Muniz") petition for habeas corpus (**No. 22**), as well as Petitioner Muniz's response thereto (No. 25). For the reasons stated herein, the Court **GRANTS** Respondents' motion to dismiss.

I.　**FACTUAL BACKGROUND**

Petitioner is a convicted felon currently incarcerated at Regional Detention Center in Ponce, Puerto Rico which is run by the Department of Correction and Rehabilitation. On February 17, 2004, the Petitioner was found guilty of one count of murder in the first degree, one count of aggravated kidnaping, and of violating Article 4.05 of the Weapons Law of the Commonwealth of Puerto Rico. Petitioner was then sentenced to ninety-nine years in prison. Since being sentenced, Petitioner has filed numerous post-trial motions in the local courts to have his sentence revoked, but, to this day, none

CIVIL NO. 09-1235 (JP)            -2-

have been granted. Petitioner then brought the instant case requesting habeas corpus.

Petitioner brings this habeas corpus petition on two principle grounds. First, Petitioner alleges that he is being held in custody in violation of his constitutional rights since he was not given a fair and impartial trial due to ineffective assistance of counsel during the trial. He claims that his attorneys provided him with legal assistance that fell below the objective standard of reasonableness and that the outcome of his trial would have been different if the attorneys had provided adequate legal assistance. Lastly, Petitioner alleges that his Fourteenth Amendment rights were violated because he was not fit to stand trial.

## II.  **LEGAL FRAMEWORK**

### A.  **Legal Standard for a Motion to Dismiss**

According to the Supreme Court, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1969 (2007). As such, in order to survive a motion to dismiss, a complaint must state a claim to relief that is plausible on its face, not merely conceivable. Id. at 1974. The First Circuit has interpreted Twombly as sounding the death knell for the oft-quoted language of Conley v. Gibson, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff

CIVIL NO. 09-1235 (JP)          -3-

can prove no set of facts in support of his claim which would entitle him to relief." <u>Rodríguez-Ortiz v. Margo Caribe, Inc.</u>, 490 F.3d 92, 94-95 (1st Cir. 2007), quoting <u>Twombly</u>, 127 S. Ct. at 1969. Still, a court must "treat all allegations in the Complaint as true and draw all reasonable inferences therefrom in favor of the plaintiff." <u>Rumford Pharmacy, Inc. v. City of East Providence</u>, 970 F.2d 996, 997 (1st Cir. 1992).

    **B.**    **Legal Standard for a *Habeas Corpus* Motion**

A petition for writ of *habeas corpus* may be brought forth by a person in custody pursuant to the judgment of a state court if such custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). A writ of *habeas corpus* may not be granted unless the petitioner satisfies certain requirements, including showing (1) that he or she has exhausted the remedies available in the courts of the state, (2) that there is an absence of available state corrective process, or (3) that circumstances exist that render the process ineffective to protect his or her rights. 28 U.S.C. § 2254(b).

In addition, a *habeas corpus* petition may not be granted by a federal court with respect to any claim that was adjudicated on the merits in state court, unless the state court decision (1) was contrary to, or involved an unreasonable application of clearly established federal law; or (2) was based on an unreasonable determination of the facts in light of the evidence presented in

CIVIL NO. 09-1235 (JP)           -4-

state court. 28 U.S.C. § 2254(d). Following this same reasoning, Section 2254(e)(1) provides:

> In a proceeding instituted by an application for a writ of *habeas corpus* by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(e)(1).

If the petitioner is unable to prove the unreasonableness of his conviction or sentence in state court, the court shall not hold an evidentiary hearing unless Petitioner shows that (A) his claim relies on (1) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or (2) a factual predicate that could not have been previously discovered through the exercise of due diligence; and (B) the facts underlying the claim would be sufficient to establish clear and convincing evidence that but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense. See 28 U.S.C. § 2254(e)(2).

III. **ANALYSIS**

Petitioner brings this *habeas corpus* petition on two grounds: (1) ineffective assistance of counsel; and (2) violation of the Petitioner's Fourteenth Amendment rights.[1] Respondent moved to

---

[1] Plaintiff also attempts to argue that he is innocent. However, to support said conclusion, Plaintiff merely states, in his opposition to the motion to dismiss, that he is completely innocent of the crimes he was accused and convicted of. Without more, such

CIVIL NO. 09-1235 (JP)           -5-

dismiss based on both grounds. The Court will now consider the parties' arguments.

### A. Ineffective Assistance of Counsel

Petitioner argues that the motion to dismiss should not be granted because he has shown that his attorneys failed to provide him with adequate legal assistance when they did not introduce evidence of his mental handicap and said failure led to Petitioner being found guilty. Specifically, he argues that he suffers from "mental retardation."

When a Petitioner alleges ineffective assistance of counsel in a *habeas corpus* proceeding, the Petitioner has the burden of proving that his counsel failed to provide adequate legal assistance and that the assistance fell below the objective standard of reasonableness. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). Also, Petitioner must show that there is a reasonable probability that the outcome of the proceedings would have been altered if his counsel had provided adequate legal assistance. Id. at 694.

In *habeas corpus* proceedings, there is a strong presumption that the Petitioner's attorney rendered adequate assistance and exercised professional judgment in making significant decisions. Id. at 690. The burden is on the Petitioner to overcome said presumption. Id. at 689.

---

conclusory allegations cannot survive a motion to dismiss. Twombly, 127 S. Ct. at 1964-65.

CIVIL NO. 09-1235 (JP)           -6-

Even taking the facts in the light most favorable to Petitioner, the Court determines that Petitioner's claim for ineffective assistance of counsel fails because Petitioner has not overcome the presumption that his attorneys provided him with adequate assistance of counsel. The decision made by Petitioner's attorneys to not introduce evidence of Petitioner's alleged mental handicap is nothing more than a strategic decision by counsel. When counsel makes such a strategic decision, Petitioner must overcome the presumption that the strategic decision was sound. Phoenix v. Matesanz, 233 F.3d 77 (1st Cir. 2000). Petitioner here has failed to overcome said presumption because all he has claimed is that he has a mental handicap. Petitioner has failed to show anything that would lead this Court to conclude that the attorneys' choice to not introduce the evidence of the mental handicap was unsound.[2] As such, the Court **GRANTS** the motion to dismiss on the ineffective assistance of counsel claim.

B.    **Fourteenth Amendment**

Petitioner argues that he was denied his Fourteenth Amendment rights because he was tried when he was not fit to stand trial. Under the Fourteenth Amendment, no state can deprive any person of life, liberty, or property without due process of law. The Fourteenth Amendment prohibits states from prosecuting those who are not

---

[2] Also, the Court notes that Petitioner's claim would also fail because Petitioner has not shown that the result of the trial would have been different if the evidence of his mental illness had been introduced.

CIVIL NO. 09-1235 (JP)           -7-

competent to stand trial. <u>Medina v. California</u>, 505 U.S. 437, 439 (1992). To be competent to stand trial, the defendant must: (1) have, before and after trial, sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding; and (2) possess a rational and factual understanding of the proceedings against him. <u>Pike v. Guarino</u>, 492 F.3d 61, 75 (1st Cir. 2007).

After considering the arguments, the Court determines that Petitioner has failed to adequately plead a Fourteenth Amendment violation. Petitioner's claim fails because he has not set forth any facts to support his claim that he was unable to consult with his lawyer, and that he lacked a rational and factual understanding of the proceedings. Instead, Petitioner states that he suffers from schizophrenia and depression,[3] and, as such, he could not consult his attorney and could not understand the proceedings. The fact that Petitioner suffered from schizophrenia and depression is not sufficient, by itself, to properly allege that Petitioner was not fit to stand trial. Petitioner must explain how the schizophrenia and depression prevented him from consulting with his attorney and how his illnesses prevented him from having a rational and factual understanding of the proceedings. Accordingly, the Court **GRANTS** the motion to dismiss as to the Fourteenth Amendment claims.

---

[3] The Court notes that Petitioner also claimed to be "mentally retarded." However the evidence submitted by Petitioner with the complaint does not support said conclusion. Instead, the evidence shows that he only suffers from schizophrenia and depression.

CIVIL NO. 09-1235 (JP)            -8-

## IV. CONCLUSION

In light of the preceding analysis, the Court hereby **GRANTS** Respondents' motion to dismiss. A separate Judgment will be entered accordingly.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 22nd day of January, 2010.

```
                              _____
                                    JAIME PIERAS, JR.
                              U.S. SENIOR DISTRICT JUDGE
```