IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

RUBEN MUÑIZ-RUBERTE,

    Plaintiff,

    v.

MIGUEL PEREIRA CASTILLO, et al.,

    Defendants.

CIVIL NO. 09-1235 (CVR)

**OPINION AND ORDER**

**INTRODUCTION**

On March 10, 2009, then *pro se* plaintiff Rubén Muñiz-Ruberté ("Plaintiff") filed the instant petition of habeas corpus relief. (Docket No. 2). Plaintiff later filed a voluntary dismissal to exhaust administrative state remedies. (Docket No. 46). Accordingly, on September 27, 2010, the instant case was dismissed without prejudice. (Docket No. 49).

On March 13, 2012, Plaintiff filed an informative motion requesting this case be re-opened inasmuch as the motion for voluntary dismissal he filed was prepared by a fellow inmate and Plaintiff was not aware of its content when it was filed because he does not understand English. (Docket No. 51).

On March 22, 2012, an order was issued by Hon. Judge Gustavo A. Gelpí as follows: "[t]his case was dismissed without prejudice on 9/27/10 and judgment entered therein (docket 49). More than one year has elapsed since then, and the judgment has become final. Notwithstanding, the matter is hereby referred to the FPD to evaluate, and if necessary, file any necessary pleading(s) on plaintiff's behalf." (Docket No. 52).

The Federal Public Defender was appointed to represent Plaintiff and an Amended Complaint was filed on September 23, 2013. In the Amended Complaint, Plaintiff averred

he does not speak, read or understand the English language and, thus, the voluntary dismissal in this case was filed without his knowledge. Plaintiff claimed he exhausted the state administrative remedies. Moreover, Plaintiff stated his trial counsel (attorney Pedro Rinaldi-Nun) was ineffective for his alleged failure to communicate to him a plea offer, for failure to evaluate Plaintiff to determine his psychological condition and competency after Plaintiff informed his counsel of his history of mental health problems and for failure to appeal the severe sentence handed to Plaintiff. (Docket No. 60).

On December 5, 2013, a motion to dismiss was filed in which Defendants asserted the ineffective assistance of trial counsel claim was without merit and the claim of competency to stand trial was procedurally faulty because it was not raised before the state court prior to the instant case. (Docket No. 73).

On January 17, 2014, Plaintiff filed his response to the motion to dismiss claiming trial counsel was ineffective by his failure to inform Plaintiff about the plea offer extended by the prosecution as well as by his failure to address Plaintiff's mental health problems. Thus, Plaintiff requested habeas relief be granted based on ineffective assistance of counsel. (Docket No. 73).

On January 22, 2014, Hon. Judge Gelpí denied the motion to dismiss as follows:

Denied. The court further finds that an evidentiary hearing is warranted to elucidate the two issues of fact presented, which may or may not warrant habeas relief as a matter of fact. An evidentiary hearing is hereby set for February 26, 2014 at 9:00 am. Petitioner's counsel shall coordinate for his transportation by the Commonwealth Corrections Administration and submit any form orders no later than February 1, 2014. The parties shall also file a Joint Informative Motion on or before February 1, 2014 listing all witnesses and a short proffer of their respective testimony. Petitioner shall present his

evidence (including his testimony) first. The Commonwealth will go next. All witnesses will be summoned to appear accordingly and be ready to testify. The court will not continue the hearing, and if it extends past 5 pm shall conclude the following day. The undersigned strongly urges the parties to consider consenting to proceed before a US Magistrate Judge. Accordingly, they shall file a Joint Informative Motion indicating yes or no on or before Tuesday, January 28, 2014. If consent is indeed provided the parties may also agree to a different hearing date with the USMJ.

On January 28, 2014, all parties consented to proceed before a United States Magistrate Judge for all further proceedings and requested additional time to prepare for the evidentiary hearing. (Docket 76).

The matter was then referred to the undersigned and several status conferences were held. (Docket Nos. 78, 79, 81, 84, and 87).

On June 30, 2014, the evidentiary hearing commenced. Plaintiff testified on his own behalf. Direct and cross-examination were conducted. Several documents were offered and admitted as Exhibits 1-5.[1] (Docket No. 102). After Plaintiff's testimony, the case was submitted. Further evidentiary hearing was scheduled for August 21, 2014 for Defendants to summon counsel Rinaldi. (Docket No. 93).

After granting a continuance, the evidentiary hearing continued on September 25, 2014. Counsel Rinaldi was called by Defendants to the witness stand. Direct and cross-examination were held. (Docket No. 101).

## ANALYSIS

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L. No. 104-132, 110 Stat. 1214, federal courts may grant habeas relief after a final state adjudication of a federal constitutional claim only if that adjudication:

---

[1] The translations of some of the exhibits were later filed at Docket No. 91.

Rubén Muñiz-Ruberte v. Miguel Pereira-Castillo, et al
Civil No. 09-1235 (CVR)
Opinion and Order
Page 4

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. 2254(d).

This standard applies, however, only to a claim that was adjudicated on the merits in State court proceedings. *See* Fortini v. Murphy, 257 F.3d 39, 47 (1st Cir. 2001) (noting that a federal court can hardly defer to the state court on an issue that the state court did not address); Pike v. Guarino, 492 F.3d 61, 67 (1st Cir. 2007); Teti v. Bender, 507 F.3d 50 (1st Cir. 2007).

Plaintiff claims he has exhausted the state available remedies and, after a review of the record before us, we find that he has indeed exhausted the state available remedies.

Plaintiff submits allegations of violation to the Sixth Amendment of the United States Constitution in that his counsel was ineffective for failure to inform him of a verbal offer by the prosecution for a guilty plea to thirty (30) years of imprisonment, resulting in seeking trial and being convicted of first degree murder, among other charges, and a ninety-nine (99) year imprisonment sentence. Plaintiff further posits his trial counsel was ineffective for failing to request a mental evaluation of Plaintiff after being informed of his mental health issues and for failing to appeal his steep sentence.

In a long line of cases, the Supreme Court of the United States has recognized that the Sixth Amendment right to counsel exists, and is needed, in order to protect the fundamental right to a fair trial. Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792 (1963); Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019 (1938); Powell v. State of Alabama, 287 U.S. 45, 53 S.Ct. 55 (1932). The Court has recognized that "the right to counsel is the right to the

effective assistance of counsel." McMann v. Richardson, 397 U.S. 759, 771, n. 14, 90 S.Ct. 1441 (1970). Counsel can deprive a defendant of the right to effective assistance, simply by failing to render "adequate legal assistance." Cuyler v. Sullivan, 446 U.S. 335, 345-350, 100 S.Ct. 1708 (1980).

The Supreme Court has developed a two (2) prong test for evaluating claims of ineffectiveness of counsel. First, the petitioner must show that counsel's performance was deficient. Second, the petitioner must show that the deficient performance prejudiced the defense. Strickland v. Wahington, 466 U.S. 668, 687, 104 S.Ct. 2052 (1984). "Unless both showings are made, it cannot be said that the conviction or … sentence resulted from a breakdown in the adversary process that renders the result unreliable." *Id*.

In applying this standard, a reviewing court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound [legal] strategy.'" Strickland, 466 U.S. at 689 (*quoting* Michel v. State of Louisiana, 350 U.S. 91, 101, 76 S.Ct. 158 (1955)).

The essence of an ineffective assistance claim is that counsel's unprofessional errors so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect. Lockhart v. Fretwell, 506 U.S. 364, 369, 113 S.Ct. 838 (1993); Kimmelman v. Morrison, 477 U.S. 365, 374, 106 S.Ct. 2574 (1986). This two (2) prong standard has its justification in the fact that the government is not responsible for, and hence not able to prevent, attorney's errors that will result in reversal of a conviction or sentence. Attorney's errors come in an infinite variety and are as likely to

be utterly harmless in a particular case as they are to be prejudicial. Hill v. Lockhart, 474 U.S. 52, 57, 106 S.Ct. 366 (1985).

As the First Circuit Court of Appeals has emphasized, a strong presumption exists "that counsel's strategy and tactics fall 'within the range of reasonable professional assistance,' and courts should avoid second-guessing counsel's performance with the use of hindsight." Knight v. Spencer, 447 F.3d 6, 15 (1st Cir. 2006)(quoting Strickland, 466 U.S. at 689.) "[T]actical decisions, whether wise or unwise, successful or unsuccessful, cannot ordinarily form the basis of a claim of ineffective assistance." United States v. Ortiz Oliveras, 717 F.2d 1, 3 (1st Cir. 1983). Thus, "only where, given the facts known at the time, counsel's 'choice was so patently unreasonable that no competent attorney would have made it,' that the ineffective assistance prong is satisfied." *Id*. (quoting Strickland, 466 U.S. at 693-94). The record holds no such circumstances here.

**1.     Failure to Inform Plaintiff of the Plea Offer.**

After considering the testimonies of Plaintiff and of counsel Rinaldi at the evidentiary hearing, and assessing credibility, we find counsel Rinaldi's account more credible when compared to Plaintiff's self-serving testimony that his counsel was allegedly ineffective. As such, Plaintiff's claims of ineffective assistance of counsel are without merit. We explain.

As testified by counsel Rinaldi, a plea offer was extended to the four (4) defendants charged in the state court which included Plaintiff and his son, whom counsel Rinaldi also represented. The plea offer was verbally extended by the prosecution to Plaintiff and his

Rubén Muñiz-Ruberte v. Miguel Pereira-Castillo, et al
Civil No. 09-1235 (CVR)
Opinion and Order
Page 7

son for thirty (30) years of imprisonment for all charges[2] and, as to the other two (2) co-defendants, the plea offer was for twelve (12) years of imprisonment. The plea offer was a "package plea" contingent to the four (4) defendants pleading guilty. The plea offer was never memorialized in writing. The other two (2) co-defendants, who were represented by two (2) other attorneys, did not accept the plea offer. Thus, the plea offer did not materialize for any of the co-defendants, including Plaintiff. As such, Plaintiff went to trial.

In addition, counsel Rinaldi testified he informed Plaintiff of the plea offer which was extended to the four (4) co-defendants including Plaintiff and his son. Thus, counsel Rinaldi fulfilled his obligation to inform Plaintiff of the plea offer.

Counsel Rinaldi further explained that, since the beginning when Plaintiff visited his office, counsel informed Plaintiff that he would take his case conditioned to a plea due to the nature of the charges. As such, the possibility of entering a plea was always on the table and early contemplated.

The facts as testified by counsel Rinaldi as to the verbal plea offer are corroborated by Exhibit 1 which is a letter dated May 27, 2008 sent by counsel Rinaldi to the Secretary of the Puerto Rico Supreme Court in response to an ethical claim filed against him by Plaintiff. The account in the letter (which was made closer to the events) is consistent with the testimony provided by counsel Rinaldi at the evidentiary hearing.

Plaintiff's blanket assertions at the evidentiary hearing that he did not contemplate a guilty plea at any time, that none of his co-defendants mentioned to him the plea offer

---

[2] The charges filed against Plaintiff were for first degree murder, kidnaping, aggravated damages and weapons law violations. Plaintiff went to trial before a judge, was convicted and eventually sentenced to ninety-nine (99) years of imprisonment. The plea offer for thirty (30) years was for a lesser charge of second degree murder.

made to them and that his counsel did not communicate with him during the whole process are simply incredible. A plea offer by the prosecution, plea negotiations and, consequently, the entering of a plea are part of the regular course of events in criminal proceedings. Moreover, not contemplating a plea offer with the serious charges and steep sentence Plaintiff was facing is unbelievable.

Plaintiff conveniently testified he learned about the plea offer after he filed the complaint in this case. This is self-serving testimony which consists of mere assertions of Plaintiff which are unsupported by any other means. Besides Plaintiff's testimony, no other evidence was presented in support of his version of facts. No credible reasons were presented either to discredit counsel Rinaldi's testimony that he indeed timely informed Plaintiff of the plea offer and the reason why the plea did not materialize because the other co-defendants did not agree with it. As such, counsel Rinaldi's performance was not deficient.

Finally, Plaintiff has not proven that the alleged deficient performance of counsel prejudiced the defense. Having made an offer, the prosecution may withdraw the same before a defendant accepts it and there is no constitutional violation even when the government has offered a package deal. Mabry v. Johnson, 467 U.S. 504, 507, 104 S.Ct. 2543 (1984); United States v. Papaleo, 853 F.2d 16, 19-20 (1st Cir. 1988). There is also no constitutional right to a plea bargain since the prosecutor need not offer one should he/she prefer to go to trial. United States v. González-Vázquez, 219 F.3d 37 (1st Cir. 2000). As in González-Vázquez, even if we consider the verbal plea offer of thirty (30) years had taken place, it was merely an offer which the government could withdraw before Plaintiff accepted

the same. Moreover, Plaintiff's claims are based on an assumption that, if he would have been informed of the thirty (30) years plea offer, he would have accepted it and avoided trial.

In view of the foregoing, Plaintiff's claims as to counsel Rinaldi's failure to inform him of the plea offer are unsupported and do not amount to ineffective assistance of counsel.

## 2. Failure to Evaluate Plaintiff to Determine his Mental Health Condition and Competency.

Defendants aver the issue of mental competency raised by Plaintiff is defaulted inasmuch as it was not raised at the appeal stages in the state court even though Plaintiff had multiple opportunities to do so. Although Defendants' contention seems to be correct, we entertain this matter in an abundance of caution inasmuch as evidence as to Plaintiff's mental health was presented at the evidentiary hearing.

In analyzing a defendant's competency to stand trial, a court must consider whether defendant: (1) understands "the nature of the proceedings against him," and (2) is "able to cooperate with counsel in his defense." Robidoux v. O'Brien, 643 F.3d 334, 339 (1st Cir. 2011). Because this "is a functional inquiry," it is possible for a defendant to have a serious mental illness but still be able to understand the proceedings and rationally assist his counsel. United States v. Widi, 684 F.3d 216, 220-21 (1st Cir. 2012).

Plaintiff testified at the evidentiary hearing that he was found disabled by the Social Security Administration after a work related accident he sustained in 1982. This is corroborated by Exhibit 4 which is the Social Security notice of favorable decision to

Plaintiff dated April 29, 1983.[3] After the accident, Plaintiff's nervous system was affected. Plaintiff testified he informed counsel Rinaldi of his mental health and his wife gave counsel, prior to trial, information related to the consequences of the accident. Plaintiff indicated counsel Rinaldi did nothing with those documents, did not investigate his mental health further nor requested a mental evaluation from the state court. Plaintiff testified that he felt bad at the trial because it was his first time at trial, he did not understand completely the process, felt sleepy and had lapses in his mind. Plaintiff claimed he did not talk to his counsel at any time because his counsel would not talk to him. However, Plaintiff testified on direct examination and on cross-examination that he was able to assist his counsel during the trial. Therefore, even if we were to take as true Plaintiff's mental health issues, he testified under oath that he was able to assist his counsel during trial, thus, showing his mental competency to stand trial. As such, no prejudice was caused.

It should be noted that no other evidence or medical documentation (besides Plaintiff's testimony) was presented to show how Plaintiff's mental disability affected his mental state to render him not capable to understand the judicial proceedings and assist counsel. Because mental competency "is a functional inquiry" it is possible for a defendant to have a serious mental illness but still be able to understand the proceedings and rationally assist his counsel. United States v. Widi, 684 F.3d at 220-21.

As to the mental competency of Plaintiff, counsel Rinaldi testified the mental state of Plaintiff was never an issue and that is why he never requested from the court a mental

---

[3] The decision found that Plaintiff had severe major depressive episode with psychotic features, lumbosacral discogenic disease, status post fracture left ulnae and of skull, healed. Plaintiff was entitled to a period of disability commencing on June 30, 1981. (Exhibit 4, p. 5).

Rubén Muñiz-Ruberte v. Miguel Pereira-Castillo, et al
Civil No. 09-1235 (CVR)
Opinion and Order
Page 11

---

evaluation of Plaintiff. Plaintiff mentioned in one of his visits with counsel that he had a disability related to his nerves but Plaintiff never indicated that he was mentally disabled. No written document was provided to counsel Rinaldi to support the alleged disability. Counsel was always able to communicate with Plaintiff and Plaintiff understood everything. Counsel Rinaldi described Plaintiff as a "normal" person, who cooperated, participated in preparing the trial strategy and talked to counsel at all times. Counsel Rinaldi explained Plaintiff knew the strategy and helped in planning the same. Counsel Rinaldi testified he never raised the mental insanity defense because Plaintiff understood the process and the charges and cooperated. When Plaintiff visited counsel Rinaldi to retain him, Plaintiff explained everything that had happened to counsel. At the time, Plaintiff had not been charged but was aware of the investigation and that he was a target.

Attempts to impeach the credibility of counsel Rinaldi because he was not paid in full his legal fees by Plaintiff were not fruitful. Counsel Rinaldi testified on re-direct examination that the fact that he was not paid his legal fees in full did not affect in any way his legal representation of Plaintiff.[4]

In sum, counsel Rinaldi, in his experience as a seasoned attorney, did not sense that Plaintiff was incompetent to understand the proceedings and assist his counsel. Counsel Rinaldi had no reason to doubt Plaintiff's competency. As such, there was no reason for counsel to pursue a mental insanity defense or request a mental evaluation. Counsel's failure, under the circumstances, does not amount to ineffective assistance of counsel.

---

[4] Counsel Rinaldi is an experienced attorney who has been practicing civil and criminal law in state court in the area of Ponce, Puerto Rico for twenty-two (22) years. Plaintiff walked into counsel Rinaldi's office because his brother in law referred him to counsel Rinaldi. Counsel Rinaldi was retained by Plaintiff.

### 3. Failure to File an Appeal.

Plaintiff also posits counsel Rinaldi failed to appeal the severe imprisonment sentence handed on Plaintiff. However, counsel Rinaldi testified he only represented Plaintiff at the trial level. Counsel Rinaldi's testimony is consistent with Plaintiff's own assertions on cross-examination at the evidentiary hearing wherein Plaintiff admitted that an appeal was in fact filed by another attorney, who was not counsel Rinaldi. Thus, Plaintiff's claims that he retained counsel Rinaldi for appeal purposes and he failed to file an appeal are unsupported.

### CONCLUSION

In view of the foregoing, Plaintiff's claims in the Amended Complaint, under Title 28, United States Code, Section 2254(d), are without merit. As such, all of Plaintiff's claims are DISMISSED WITH PREJUDICE.

Judgment to be entered accordingly.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 29th day of September of 2014.

s/CAMILLE L. VELEZ-RIVE
CAMILLE L. VELEZ-RIVE
UNITED STATES MAGISTRATE JUDGE